NATHAN ARNOLD and Others, Respondents, *v.* AARON SHAPIRO, Appellant.

*Fraudulent disposition of his property by a debtor, with intent to defraud his creditors — it avoids a credit upon which goods were previously or subsequently sold to him — Code of Civil Procedure, sec. 550, sub. 2.*

Appeal from an order made at a Special Term denying a motion to vacate an order of arrest.

The order under which the defendant was arrested was made upon the ground that he had removed and disposed of his property with intent to defraud his creditors, and contracted the debt in contemplation of such a disposition and removal of his property. The cause of action set forth in the complaint is the sale and delivery of goods between the 6th of September and the 12th of October, 1882.

The court at General Term said: " By the answer it has been alleged that the goods were sold upon a credit of sixty days from the 15th of September, 1882. But if the defendant had disposed of any portion of his property in contemplation of the creation of this debt, for the purpose of defrauding his creditors, that of itself would be a fraud in the contraction of the debt which would nullify the credit, even if that was given as the fact has been alleged.

" By subdivision 2 of section 550 of the Code of Civil Procedure, the right to arrest the debtor has been created, when, in an action on contract other than a promise to marry, he has since the making of the contract, or in contemplation of making it, removed or disposed of his property with intent to defraud his creditors, or is about to dispose of the same with like intent. The fact or facts which under this subdivision will authorize an arrest are not required to be set forth in the complaint. They are such as have been denominated as extrinsic the cause of action, and are to be established by the affidavits presented in support of the application for the order. And when it may be in that manner shown that the debtor either had in contemplation of the making of the contract, or after that time, removed or disposed of his property, intending thereby to defraud his creditors, or may be about to remove or dispose of his property with that intent, the case is a proper one for an order of arrest without alleging or setting forth the facts in any form in the

complaint. And when that fraudulent disposition of property has taken place at the time of the making of the contract, the fact itself would also avoid a credit obtained by means of its concealment in incurring the liability. In principle the same effect should also follow such a disposition of the debtor's property, after he has contracted the debt and secured the credit, for it is always implied in such transactions that the debtor will make no disposition of his property which will operate as a fraud upon his creditor. The rule is very well settled that fraud in the contraction of the debt will avoid any credit agreed to be given by the contract creating the debt; and the reason on which it has arisen would seem to be equally as applicable to a disposition made by the debtor of his property when he intends thereby to defraud his creditors. The inquiry, therefore, is whether the defendant has made such a disposition of his property."

*A. Stern*, for the appellant.

*Blumensteil & Hirsch*, for the respondent.

Opinion by DANIELS, J.

DAVIS, P. J., and BRADY, J., concurred.

Order affirmed, with ten dollars costs and disbursements.